IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

JOHN HARRIS,                                  Civ. No. 08-258-HO

              Plaintiff,                      ORDER

     v.

JOE E. CAPPS, et al.,

              Defendants.

     The third amended complaint alleges that defendants showed deliberate indifference to the health and safety of plaintiff, an inmate housed in administrative segregation or protective custody at Snake River Correctional Institution (SRCI), by confining plaintiff in the disciplinary segregation unit (DSU), in violation of the Eighth Amendment of the United States Constitution and Section 1983 of Title 42, United States Code. Plaintiff seeks a declaratory judgment, permanent injunction, compensatory and punitive damages and reasonable attorney fees and costs.  Defendants filed a motion for summary judgment.  A reasonable juror could not conclude from plaintiff's allegations

and evidence that defendants violated his Eighth Amendment rights. In the alternative, reasonable officials in the circumstances of defendants would not be on notice that the their conduct violates the Eighth Amendment. Defendants are entitled to summary judgment.

## Undisputed Facts

Defendants are current or former Oregon Department of Corrections SRCI employees.

On July 13,2007, plaintiff was found to have violated department rules 4k (Racketeering), Ie (Contraband II), and 4b (Disobedience of an Order II) of the Inmates Rules of Prohibited Conduct.

Plaintiff was sanctioned to 120 days in the DSU to be served from July 2 to October 29, 2007. Plaintiff's only contact with other inmates while confined in the DSU occurred in the presence of at least one security officer. No one attacked plaintiff in the DSU.

Before and after his confinement in the DSU, defendants housed plaintiff in the protective custody of the administrative segregation unit (ASU).

## Plaintiff's Additional Facts

Confinement in the DSU exposed plaintiff on more than one occasion to dangerous, unrestrained general population/DSU inmate orderlies whom plaintiff would not have encountered in the ASU.

The presence of staff would not protect plaintiff "if one of those inmates decided to shank [plaintiff]."  "Another time, staff popped [plaintiff's] door to have [plaintiff] come out to do orderly work with a GP/DSU inmate."  "A significant number of GP/DSU inmates are in DSU for attacking other inmates right in front of staff."  Plaintiff notified defendants of the risk to him by showing defendants the "Prisoners' Self-Help Litigation Manual."  Defendants also should have known of the risk to plaintiff by virtue of plaintiff's status as an ASU or "ad seg" inmate.  Moving plaintiff to DSU increased the risk of danger to plaintiff from other inmates.  Fellow ASU inmate Pat Kelly was attacked in the presence of a staff member who was escorting Kelly through the general population.  Kelly and ASU inmate Montana Carver served sanctions on DSU status in the ASU.  Therefore, staff has methods to sanction ASU inmates other than by confinement in the DSU.

ASU inmate Gary Atkins was confined in the DSU based on the same misconduct report as plaintiff.  Atkins received a cell-mate in the DSU despite having advised DSU staff of his single-cell ASU status.  DSU staff later removed Atkins's cell-mate.

### Discussion

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

3 - ORDER

Fed. R. Civ. P. 56(c).

Defendants argue they are entitled to qualified immunity because plaintiff cannot prove a violation of an 8th Amendment right, and because reasonable officials would not have known that the conduct of defendants violated the 8th Amendment.

Officials are entitled to qualified immunity if a constitutional violation is not established based on the facts viewed in the light most favorable to the plaintiff, or if the facts viewed in the light most favorable to the plaintiff were insufficient to put a reasonable official on notice that his conduct violated a constitutional right of the plaintiff. Saucier v. Katz, 533 U.S. 194, 201 (2001).

> To violate the Eighth Amendment, the deprivation alleged must objectively be sufficiently serious; and the prison official must subjectively have a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For claims challenging conditions of confinement, the state of mind is deliberate indifference to inmate safety. Id. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).

Exposure to risks of harm may violate the Eighth Amendment if the risks are substantial and objectively intolerable. Base v. Rees, 128 SCt. 1520, 1530-31 (2008). In other words, the

4 - ORDER

conditions presenting the risks are sure or very likely to cause serious illness and needless suffering and give rise to "sufficiently imminent dangers." Id. (quoting Helling v. McKinney, 509 U.S. 25, 33, 34-35 (1993).

Plaintiff does not identify any specific threats against him of which he made defendants aware. Plaintiff's authority does not hold that ASU inmates may not be housed in DSU. Plaintiff does not contend that he was double-celled in DSU. While he alleges another ASU inmate was double-celled in DSU for a period of time, plaintiff does not demonstrate that defendants are deliberately indifferent to the need to separate ASU inmates confined in the DSU from DSU and GP inmates. In plaintiff's opinion, a single security officer is inadequate to protect an ASU inmate from attack in the DSU.

Objectively, prison officials are not deliberately indifferent to the safety needs of ASU inmates serving disciplinary sanctions where the ASU inmates are never in the presence of DSU or GP inmates without a security officer escort, and a single ASU inmate was attacked in the presence of the security officer in the DSU. In the absence of a specific threat to the plaintiff known by the prison officials, the officials are not subjectively aware of a substantial, imminent risk to plaintiff based on the plaintiff's protective custody status, the single prior attack of an ASU inmate in the DSU and the

5 - ORDER

plaintiff's reference to unspecified portions of the "Prisoners' Litigation Manual."  The facts alleged by plaintiff do not support the claim that defendants violated the Eighth Amendment prohibition against cruel and unusual punishment.  In the alternative, reasonable officials in the circumstances of defendants would not have reasonable notice that their conduct violated plaintiff's Eighth Amendment rights.

Plaintiff's authority holds that in certain circumstances, holding "innocent" protective custody inmates in a disciplinary unit may violate the Eighth Amendment.  See Inmates of Occoquan v. Barry, 717 F. Supp. 854 (D.D.C. 1989).  The case does not support plaintiff's claims.  In contrast to the inmate plaintiffs in Barry, plaintiff received a disciplinary sanction, so prison officials had a valid reason to temporarily house plaintiff in the DSU.  According to defendants' evidence, inmates assigned to the DSU may be temporarily assigned to other treatment programs or service units such as the infirmary, ASU or special management unit, only when deemed necessary and advisable.  Former SRCI assistant superintendent of security Steven Franke made no such determination because he was aware of no specific threat to plaintiff from any DSU inmate.  Franke Aff., ¶¶ 5-7 (citing to Or. Admin R. 291-011-0025(5)).

Based on the summary judgment evidence viewed in the light most favorable to plaintiff, no reasonable jurist or trier of

6 - ORDER

fact could conclude that defendants violated plaintiff's Eighth Amendment rights, or that reasonable officials would have known that their conduct violated plaintiff's clearly established Eighth Amendment rights.  Plaintiff's allegations and evidence are insufficient to support his Eighth Amendment claim. Defendants are entitled to qualified immunity.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#23] is granted.  This action is dismissed.

SO ORDERED.

DATED this __21st__ day of April, 2009.

>    s/ Michael R. Hogan
> United States District Judge